ELIZA B. PLYMPTON & others *vs.* INHABITANTS. OF WOBURN.

In the assessment of damages occasioned by the location of a town way which has been so laid out that the centre thereof is raised above the level of the adjoining land and it is necessary to fill up the intervening space in order to pass from one to the other, and upon the question whether the value of the petitioner's land has been enhanced or diminished by the location, the petitioners may introduce evidence of what it will cost to fill up that space.

APPEAL from a judgment of the court of common pleas, accepting a verdict for damages occasioned by laying out a town way over the petitioners' land.

At the trial before the sheriff, it appeared that the centre of the way had been raised above the level of the location and of the petitioners' adjoining land, leaving the sides sloping, so that it would be necessary to fill up the space thus made, in order to get from the travelled part of the highway to the petitioners' land.   There was also conflicting evidence whether the value of the adjoining land had been increased or diminished by the location of the road.

The petitioners offered evidence of what it would cost to fill up this space between their land and the centre of the highway. But the sheriff excluded it.

*D. S. Richardson,* for the petitioners, cited *St.* 1855, *c.* 43; *Howard* v. *North Bridgewater,* 16 Pick. 189; *Callender* v. *Marsh,* 1 Pick. 431; *Shepardson* v. *Colerain,* 13 Met. 60; *Perley* v. *Chandler,* 6 Mass. 457; *Stackpole* v. *Healy,* 16 Mass. 33.

*B. F. Butler & J. P. Converse,* for the respondents, cited *Sunbury & Erie Railroad* v. *Hummell,* 27 Penn. State R. 99, Angell on Highways, § 109; *Loker* v. *Damon,* 17 Pick. 284; *Meacham* v. *Fitchburg Railroad,* 4 Cush. 291.

DEWEY, J. The single objection taken to the rulings of the sheriff is to his exclusion of the testimony offered by the petitioners to show what it would cost to fill up the space between the travelled way, as graded and made, and the line of the petitioners' adjoining land, with gravel or earth. If in any aspect of the case, and of the questions in issue before the jury, this testimony would have been competent, it ought to have been admitted.

The report of the case states that the question of enhanced value to the land of the petitioners, by reason of making the road, was in issue, and the evidence was conflicting upon that point. As bearing upon that question, it seems to the court that the proposed evidence was competent and ought to have been admitted. It is not because the landowner has a right to set up a claim for the expense of filling up the space between the travelled way and his land, as a substantive cause of damage, but as affecting the question of the benefit to his property by reason of laying out such highway, which benefit is by the Rev. Sts. *c.* 24, § 31, to be considered in estimating his damages. In this aspect the evidence has a bearing, and was competent for the consideration of the jury with all the other evidence in the case. *Verdict set aside.*